**NORMAN, Plaintiff-Appellee, v. KEMP, Defendant-Appellant.**

Ohio Appeals, Second District, Greene County.

No. 526. Decided April 20, 1953.

428

J. H. Patricoff, Dayton, for plaintiff-appellee.
Schlafman & Elliott, Fairborn, for defendant-appellant.

## OPINION

By THE COURT:

This is a law and fact appeal from the Common Pleas Court of Greene County. The case was submitted to this Court on the record taken below, together with additional testimony taken by a Special Master Commissioner appointed by this Court. The record taken before the Master shows that the issues were virtually re-tried.

The case grows out of a sale of a tract of land in Greene County. The evidence shows that on October 14th, 1950, the plaintiff agreed to buy and the defendant agreed to sell: 2 acres of land on Grange Hall Road, at least 150 feet frontage; at $400.00 per acre. A memorandum signed by both parties contained this provision: "The 2 acre tract includes 2 acres from Road back to woods." The defendant granted plaintiff permission to move a house onto the land before the deal was consummated. At the time the house was moved a dispute arose as to the location of the boundary lines of the tract. The plaintiff was required to move the house to the north off the adjacent tract, which was owned by defendant's daughter. Later plaintiff was required to cut a portion off the house in order to keep within the boundary lines of the tract. The tract was surveyed and it is conceded that a tract of land with 150 feet frontage extending from Grange Hall Road to the woods could contain approximately five acres; that a 2 acre tract extending from the road to the woods would have a frontage of only 67.2 feet; and that a 2 acre tract with 150 feet frontage would extend approximately 580.8 feet from the road. It is obvious that a tract with 150 feet frontage, extending from the road to the woods, would contain more than 2 acres, to-wit: 5 acres, and that a tract of 2 acres extending from the road to the woods would only have a frontage of 67.2 feet.

The defendant tendered plaintiff a deed for two acres with a frontage of 67.2 feet, which plaintiff rejected. The plaintiff offered to pay for two acres with 150 feet frontage, which defendant refused. Plaintiff brings this action for specific performance.

Manifestly there cannot be a strict compliance with all the terms of the memorandum of sale. To attempt to determine the issues presented on the theory that there had been a mutual mistake of fact would not settle the controversy between the parties. We are of the opinion that the issues can be resolved on the basis of the oral testimony taken in the court below and before the Master. There are certain facts upon which the parties agree. The tract was to front on the Grange Hall Road and south east of the farm of George F. Kemp and South end of the farm. The location of the tract is sufficiently definite to permit the transaction

to be enforced in a court of equity. The parties agree that the price was to be $400.00 per acre. The memorandum calls for a down payment of $50.00, which was paid within a few hours after the memorandum was signed. The memorandum also requires the payment of the balance of $750.00 upon the delivery of the deed. Thus it appears, both in the memorandum and in the testimony taken in the Common Pleas Court, that the parties agreed on a tract of two acres. The son of the defendant drafted the memorandum for the defendant in the presence of both plaintiff and the defendant, and engaged in the conversation leading up to the signing of the memorandum. He stated, in the second hearing before the Master, that the acreage was indefinite; that plaintiff was given the option to take two acres, three acres or as much as five acres, at the rate of $400.00 per acre. He gave this as a reason for the provision calling for 150 feet frontage. This testimony is not supported by any other witness. The testimony taken in its entirety supports the conclusion that the plaintiff expected to get a frontage of 150 feet, no more and no less, and his conduct at all times conformed thereto; that defendant, after the purchase, made statements to the house movers, who appeared to be disinterested witnesses that the plaintiff's tract extended to the creek, which would allow a frontage of approximately 150 feet.

The defendant and his son, while on the witness stand, were evasive, hostile and at times contradicted themselves to such an extent that the trial judge was required to admonish them to answer the questions put by counsel, and commented on the contradictions in the testimony.

At the time of the sale the defendant owned a 20 acre tract of land immediately to the north and adjacent to the tract sold to the plaintiff. Several months thereafter he sold the tract adjacent to plaintiff's tract to Thompson. There was left between the Thompson tract and the land owned by defendant's daughter a tract of land consisting of two acres, extending from the road to the woods, a distance of 1296.9 feet, with a frontage of 67.2 feet on the road. It is this tract onto which plaintiff moved his house, claiming, however, two acres of land with 150 feet frontage. Thus it appears that if plaintiff is not required to take the land to the woods, the defendant will own to the rear of plaintiff's tract and nearer the woods a small tract to which he has no outlet. The defendant now claims this circumstance is strong evidence why he would not have consented to sell a tract of land to the plaintiff unless it did extend to the woods. At the trial in the Common Pleas Court the defendant claimed the tract to the north of plaintiff's tract had been bargained for before the sale was made to the plaintiff, but at the hearing before the Master the evidence clearly shows that the transaction with Thompson took place after the sale to the plaintiff, and after plaintiff brought this action. Thus it clearly appears that the defendant isolated this small tract by his own act, and should not now be heard to complain.

The provisions of the contract with respect to the acreage and frontage are definite and specific and should control over less definite and general provisions.

In working out the equities between the parties the trial court found that the plaintiff was entitled to 2 acres with 150 feet frontage, which

extended 580.8 feet in depth, but that since the defendant had put it beyond his power to convey a tract with 150 feet frontage the plaintiff was entitled to a decree and conveyance of a tract with the remaining frontage, to-wit: 67.2 feet, and to a depth of 580.8 feet. The trial court further found that for said tract the plaintiff should pay the defendant at the rate of $400.00 per acre, the sum of $358.40, less a credit of $50.00 which had already been paid, leaving a balance due the defendant in the amount of $308.40. No damages were allowed to the plaintiff. The court further ordered that unless the defendant deliver a deed to the plaintiff for such tract, specifically describing the same, within three days, the court's decree should operate as such conveyance. We find this order to be equitable and just, and will enter a like decree.

An entry may be drawn accordingly.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.